## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ADRIENNE CURRY,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-3443-14-0340-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: August 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adrienne Curry, Birmingham, Alabama, pro se.

James E. Miller, Jr., Esquire, Montgomery, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed, for lack of jurisdiction, her appeal of her performance appraisal and placement on a performance improvement plan (PIP). Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Effective June 17, 2012, the appellant was assigned to the position of Staff Nurse I, Level III, Stage 5, at the Veterans' Affairs Medical Center in Birmingham, Alabama. Initial Appeal File (IAF), Tab 1 at 9. On July 24, 2013, the agency notified the appellant of "practice concerns" regarding her performance and placed her on a PIP. *Id.* Upon completion of the PIP, the agency recommended the appellant's retention. *Id.*

¶3    On December 27, 2013, the appellant filed an initial appeal, challenging the appropriateness of her performance review and arguing that her placement on a PIP was "unwarranted." *Id.* at 3-4. The administrative judge issued an acknowledgment order, notifying the appellant that the Board may not have jurisdiction over her appeal of her performance appraisal and the decision to place her on a PIP. IAF, Tab 2 at 2. The administrative judge ordered the appellant to file evidence and argument proving Board jurisdiction. *Id.* The

appellant did not file a response.  The agency moved to dismiss for lack of jurisdiction.[2]  IAF, Tab 5 at 4-7.

¶4        The administrative judge issued an initial decision without holding the requested hearing.  IAF, Tab 6, Initial Decision (ID) at 1.  The administrative judge explained the appellant's burden to nonfrivolously allege jurisdiction and noted that typically the Board's jurisdiction, under 5 U.S.C. § 7512, does not include performance appraisals and placements on a PIP.  ID at 2.  Thus, the administrative judge dismissed the appellant's appeal for lack of jurisdiction.  ID at 2-3.  The appellant filed a timely, one sentence petition for review, which merely states that "I would like to request a Petition for Review regarding docket number AT-3443-14-0340-I-1."  Petition for Review (PFR) File, Tab 1 at 1.  The agency did not file a response.

¶5        The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The Board typically has jurisdiction to review an appeal from a removal, a suspension of more than 14 days, a reduction in grade or pay, or a furlough of less than 30 days.  5 U.S.C. § 7512.  On the other hand, as the administrative judge properly articulated, the Board generally lacks jurisdiction over appeals of performance appraisals and

---

[2] In its response to the appeal, the agency moved to dismiss for lack of jurisdiction because the appellant was a medical professional in the Veterans Health Administration, serving a probationary period.  IAF, Tab 5 at 5-6; *see* 38 U.S.C. § 7401(1).  Because the administrative judge properly dismissed the appeal based on the lack of jurisdiction over performance appraisals and the imposition of a PIP, it was within the administrative judge's discretion not to address the agency's other jurisdictional arguments.  *See Wagner v. Environmental Protection Agency*, 51 M.S.P.R. 337, 352 (1991) (an administrative judge need not cite every possible alternative basis for the disposition of an appeal, when the basis that he does cite suffices as legal support for his decision), *aff'd*, 972 F.2d 1355 (Fed. Cir. 1992) (Table).

placements on a PIP without a loss in grade or pay. *Wein v. Department of the Navy*, 37 M.S.P.R. 379, 381 (1988); *see generally*, 5 U.S.C. §§ 4303(e), 7513.[3]

¶6      Because the appellant has provided nothing on review to allege error by the administrative judge, *see* PFR File, Tab 1 at 1, there is no reason to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege that the Board has jurisdiction over her appeal of her performance appraisal or placement on a PIP. Therefore, we find that the appeal was properly dismissed on that basis.

¶7      The appellant also raised a Uniformed Services Employment and Reemployment Rights Act (USERRA) claim by checking the appropriate box on her appeal form and asserting underlying actions that properly serve as the basis of a USERRA appeal—improper performance appraisal and denial of promotion. IAF, Tab 1 at 4; *see* 38 U.S.C. § 4311(a). Because the administrative judge did not inform the appellant of her burden to nonfrivolously allege jurisdiction over her USERRA claims, we FORWARD the allegations regarding her denial of a promotion and improper performance appraisal for docketing as a USERRA appeal and further adjudication. *See Schoch v. Department of the Army*, 91 M.S.P.R. 134, ¶¶ 8-14 (2001).

¶8      In her appeal, the appellant also claimed that she was improperly transferred from the Civil Service Retirement System to the Federal Employees' Retirement System. IAF, Tab 1 at 4-7. The appellant did not assert that she had raised this matter pursuant to the Correction of Retirement Coverage Errors Under the

---

[3] To the extent that the administrative judge's acknowledgment order, IAF, Tab 2, failed to notify the appellant of her burden to nonfrivolously allege jurisdiction, it was not prejudicial to the appellant's substantive rights because the initial decision properly set forth her burden on jurisdiction over the complained-of actions, *see* ID at 2; *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 9 (2009) (stating that an administrative judge's failure to provide an appellant with proper notice regarding an issue can be cured if the initial decision puts the appellant on notice of what she must do to address the issue, thus affording her with the opportunity to meet her burden regarding the issue in a petition for review).

Federal Erroneous Retirement Coverage Correction Act regulations set forth at 5 C.F.R. Part 839. Absent an agency decision under that part, the Board lacks jurisdiction over the appellant's claim. *See* 5 C.F.R. § 839.1301.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.